**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STUART NOVACK, NISAN NOVACK, and HELIDA NOVACK, | 1:16-cv-8576 (NLH/JS) |
| Plaintiffs, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| BURLINGTON COUNTY COLLEGE, | |
| Defendant. | |

**APPEARANCES:**

STUART NOVACK
8 NASSUA DRIVE
WILLINGBORO, NJ 08046
    Appearing pro se

NISAN NOVACK
113 EBBETS DRIVE
ATCO, NJ 08004
    Appearing pro se

HELIDA NOVACK
113 EBBETS DRIVE
ATCO, NJ 08004
    Appearing pro se

**HILLMAN**, District Judge

    WHEREAS Plaintiffs Stuart Novack, Nisan Novack, and Helida Novack, appearing pro se, filed a complaint on November 16, 2016 against Defendant Burlington County College; and

    WHEREAS Plaintiffs claim they were subject to "age

discrimination," "handicap discrimination," and "religious discrimination"; and

WHEREAS Plaintiffs have filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."); and

WHEREAS the screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Security, No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be

granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS Plaintiffs have not proffered any facts or allegations regarding the basis for their complaint, apart from stating the events occurred from September 2012 to present at Burlington County College, see generally Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) ("Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings 'give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (quoting Conley v. Gibson, 355

3

U.S. 41, 47 (1957))); and

WHEREAS Plaintiffs have further not stated how they were injured nor requested any particular relief from this Court, see id.; and

WHEREAS the Court therefore finds Plaintiffs' complaint is deficient; and

THEREFORE,

IT IS on this __6th__ day of _____February_____, 2018

ORDERED that Plaintiffs' IFP application (Docket No. 1-2) is hereby **GRANTED**, and the Clerk is directed to file Plaintiffs' complaint; and it is further

ORDERED that Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety; and it is further

ORDERED that Plaintiffs may move to reopen their case within twenty days from the date of this Order, attaching to any such motion a proposed amended complaint[1] which addresses the deficiencies of the original complaint as described herein; and it is further

---

[1] When an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See W. Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013); see also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.

ORDERED that the Clerk of the Court shall mark this case **CLOSED**.


At Camden, New Jersey

                                                                                 s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.